IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER TWELVE |
| | : | |
| MARK POWELL and POWELL | : | BANKRUPTCY NO.: 4:10-bk-06255-JJT |
| DEVELOPMENT COMPANY, INC., | : | |
| | : | |
| DEBTORS | : | |
| | : | |
| MARK POWELL and POWELL | : | {**Nature of Proceeding**: Motions to Dismiss |
| DEVELOPMENT COMPANY, INC., | : | (Doc. #9 and #11)} |
| | : | |
| PLAINTIFFS | : | |
| | : | |
| vs. | : | |
| | : | |
| ANADARKO E & P COMPANY, LP, | : | |
| CHESAPEAKE APPALACHIA, L.L.C. | : | |
| AND STATOILHYDRO USA ONSHORE | : | |
| PROPERTIES, INC., | : | |
| | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 4:12-ap-00344-JJT** |

# OPINION

The Chapter 12 Debtor, Mark Powell, has filed a Complaint against Anadarko E & P

Company, LP, Chesapeake Appalachia, LLC, and Statoilhydro USA Onshore Properties, Inc.,

lessees of a certain oil and gas lease originally entered into between the Debtor and Anadarko

prior to the bankruptcy. During the bankruptcy, the Debtor unsuccessfully attempted to reject

and/or void the lease. That decision is currently on appeal before the District Court. *In re*

*Powell*, 482 B.R. 873 (Bkrtcy. M.D.Pa. 2012), *appeal docketed*, No. 3:13-cv-00035-RDM (M.D.

Pa. Jan. 7, 2013). Thereafter, the Debtor filed this three Count Complaint seeking relief against

Anadarko, its assignee and successors.

The gravamen of the Complaint alleges the Defendants have taken certain improper

[K:\Cathy\Opinions-Orders filed 2013\4-12-ap-00344-JJT_Powell.pdf]

actions during the pendency of the bankruptcy that not only violate the automatic stay, but give

rise to various remedies. More specifically, Count 1 asks the Court to issue a declaratory

judgment that the action of placing the Debtor's property in a larger pool of properties from

which gas is drawn is void as violative of the stay; that the Defendants' attempt to renew the

lease during the bankruptcy is also void; that the Debtor's lease is now void; and that removal of

the gas underlying the Debtor's property is also violative of the stay.

Furthermore, Count 1 requests damages including punitives and attorneys' fees.

Count 2 of the Complaint alleges a civil trespass caused by the creation of a well on an

abutting premises and the fracking of the subterraneous structure causing gas under Debtor's

property to be removed by the Defendants.

Count 3 requests the Defendants pay the Debtor the royalties he is due under the terms of

the oil and gas lease.

During the pendency of the Complaint, Debtor's Chapter 12 Plan was confirmed with the

proviso that "confirmation of this plan will not have any effect on the issues litigated . . .with

respect to the oil and gas lease . . . ." (Doc. #276)

In response to the Complaint, each Defendant has filed a Rule 12 Motion to Dismiss,

which is the subject matter of this Opinion.

> In considering a motion to dismiss, the Rule is that "once a claim has been
> stated adequately, it may be supported by showing any set of facts consistent with
> the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224,
> 231 (3d Cir.2008) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct.
> 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to
> raise a right to relief above the speculative level...." *Twombly*, 127 S.Ct. at 1965.
> In this regard, the Court will "accept all factual allegations as true,
> construe the complaint in the light most favorable to the plaintiff, and determine
> whether, under any reasonable reading of the complaint, the plaintiff may be
> entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 citing

> *Twombly*, 127 S.Ct. at 1969 n. 8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d
> 361, 374 n. 7 (3d Cir.2002).

*In re Saint Catherine Hosp. of Pennsylvania, LLC,* 2012 WL 5177751, *2 (Bkrtcy.
M.D.Pa.,2012).

The thrust of the first Count of the Plaintiff's Complaint is during and after the term of

the unexpired oil and gas lease, the Defendants removed oil and gas under the Debtor's property

without securing relief from the stay and without fairly compensating the Debtor. The facts

alleged in support of this are the Defendants undertook a drilling operation on adjacent lands and

have begun removing gas from the strata beneath the Debtor's property. The Debtor asserts this

was improper.

The three Defendants have filed two Motions to Dismiss. I will address the issues raised

by those Motions without attribution since they tend to raise overlapping issues.

While the Court is willing to accept all factual allegations as true for the purpose of

considering the Motions to Dismiss, the Defendants apparently are not. For example, running

through the Motions is the suggestion that the Debtor's allegation in the Complaint that the lease

is expired is inconsistent with earlier pleadings as well as the disposition of this Court when a

rejection/voiding of the lease was sought by the Debtor. The Defendants are correct that the

Debtor did not advance the argument that the transaction in question was an unexpired lease that

since "expired." In fact, the Debtor took the position that this was an executory contract and not

a lease at all.[1] It was the Court that concluded the facts placed the agreement in question

squarely within the definition of unexpired lease. *In re Powell*, 482 B.R. at 878. I find nothing

---

[1] Debtor's Brief in Support at 2 n.2 (Doc. #144).

on the face of the Complaint appears to be inconsistent with the essential findings of the Court's

previous Opinion, and I could hardly require the Debtor to advance arguments that have

heretofore been rejected by an earlier Opinion, just as I can't limit the defenses proffered by the

Defendants. In brief, the Debtor alleges the agreement found by the Court to be an unexpired

lease, has since expired. This is an allegation disputed by the Defendants. Nevertheless, in the

context of a Rule 12 review, I must accept the Debtor's factual allegation as true. Similarly, the

Debtor's allegation that the Defendants wrongfully removed gas under his property, an

allegation again denied by the Defendants, must also be accepted as true for the purpose of

analyzing the Rule 12 disposition.

More specifically, the Defendants argue concepts of *res judicata*, collateral estoppel, law

of the case, and judicial estoppel prevent the Debtor from advancing his case and, specifically,

arguing the oil and gas lease expired. The weakness of the Defendants' argument is this Court's

earlier decision, though concluding the agreement between the parties was an unexpired lease,

spoke as of the date of the bankruptcy filing. The Court never held the lease was incapable of

"expiring." Debtor is not precluded from arguing the agreement expired post-petition.

On May 18, 2011, the Debtor filed his Motion to set aside the oil and gas lease. It was

this Motion that was denied by the Court in its earlier ruling. The current Complaint alleges the

lease term expired on August 1, 2011. (Doc. #1, ¶ 16) Defendants argue *res judicata*, or claim

preclusion, and issue preclusion prevents a party from asserting a legal theory which could have

been raised in a prior action. Raising the theory in the prior action was clearly impossible since

the alleged expiration occurred *after* the date of the original Motion to set aside. The same result

would apply to Defendants' judicial estoppel argument.

Curiously, the Defendants also raise the issue that the "law of the case" doctrine bars the Debtor from now arguing the lease is expired.  I say its "curious," because it is the Court's prior decision that appears to compel the Debtor to morph its original argument that the oil and gas lease was an executory contract that could be rejected into an unexpired lease that has run its term.  If anything, the Complaint is consistent with the law of the case.

Defendants further suggest removal of oil and gas under Debtor's property is a right possessed by the Defendants under the lease and any valid extension.  They want me to assume an extension of an unassumed lease without securing relief from the automatic stay is a valid exercise of their rights.  While not concluding otherwise, this Court would require a factual basis to make a finding of that nature.  That issue has simply not been brought before me, and I assume, is in *bona fide* dispute.  I am simply not free to resolve factual disputes when disposing of a Rule 12(b)(6) motion.  *Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 260 n.31 (3rd Cir. 2009).

Defendants also advance the "rule of capture," referring to an ancient right of a landowner to extract the gas below a neighbor's property[2], stands as some sort of exception to the automatic stay that would shield one from a cause of action under § 362(k) of the bankruptcy code.  If nothing else, this issue strikes me as a matter of first impression, the outcome of which is hardly certain.  Conceptually, rights extended to the lessee under § 365(h)(1)(A)(ii), may not necessarily be free from constraints afforded by § 362.

To summarize, the essence of the Defendants' Motion to Dismiss the first Count of the

---

[2] *Barnard v. Monongahela Natural Gas Co.*, 216 Pa. 362, 65 A. 801 (Pa. 1907).

Complaint is this Court's ruling on an issue decided earlier in this case bars the Count. That earlier disposition can be found at *In re Powell*, 482 B.R. at 873. Succinctly, that case decided the oil and gas lease was an unexpired lease on the file date of the bankruptcy, July 30, 2010. It further determined, under the facts presented at hearing, the Debtor's rejection of the lease could not be approved.

The Debtor's Complaint at Count 2 alleges a trespass by the Defendants for encroaching on the Debtor's land after the oil and gas lease expired. Defendants' Motion to Dismiss, again assuming the Debtor is factually incorrect about the lease expiration, argues it had every right to draw gas from Debtor's property. The Complaint turns on whether the oil and gas lease is expired, a material issue also in *bona fide* dispute between the parties. For purposes of disposing of the Rule 12 motion, I have to assume this factual allegation, that the oil and gas lease expired, is correct and such assumption would allow Count 2 to stand.

Count 3 seeks compensation for the gas heretofore removed from the Debtor's premises. The Complaint advances multiple theories why recovery is in order. The Complaint is couched under the provisions of § 542(c) of the Bankruptcy Code. While specific reference to § 542©) seems to lack relevancy regarding this Count, I will assume the Debtor misidentified the subsection of § 542 that is applicable.

A § 542 action is clearly within the core jurisdiction of this Court. The allegations of the Count though seem to spell out either a breach of contract claim or a conversion claim and then requests "turnover" of the proceeds. The defense is correct that § 542 is thought to be applicable only in the absence of a "bona fide" dispute. *U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1472 (D.C. Cir. 1991). The litigious history of the relationship between the parties leaves little doubt there is a

legitimate ongoing dispute as to the accountability of the Defendants. Such being the case, it does not allow me to dismiss the Count. The Debtor claims to be owed money for gas removed from the premises. This may not arise in or out of the bankruptcy, but it clearly appears "related to" the proceeding, with the only caveat being the Debtor's Chapter 1 2 Plan has been confirmed, which may have the effect of limiting my jurisdictional ability to adjudicate issues of this nature. See, for example, *In re Resorts Intern., Inc*., 372 F.3d 154 (3rd Cir. 2004). Nevertheless, the Debtor's Chapter 12 Plan specifically provided the "confirmation of this plan will not have any effect on the issues litigated, or to be litigated with respect to the oil and gas lease . . ." (Doc. #276, ¶ 8.A.10)

In conclusion, I am satisfied the Motions to Dismiss filed by the Defendants should be denied. My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge

(CMS)

Date: July 23, 2013